**PECKAR & ABRAMSON, P.C.**
Kevin J. O'Connor, Esq. (018451995)
70 Grand Avenue
River Edge, New Jersey 07661
Telephone:  (201) 343-3434
Facsimile:   (201) 343-6306
Email: KOconnor@pecklaw.com

Ruoting Men (*Pro Hac Vice pending*)
Wei Wang (*Pro Hac Vice pending*)
Tao Liu (*Pro Hac Vice pending*)
GLACIER LAW LLP
41 Madison Avenue, Suite 2529
New York, NY 10010
(212) 729-5073
Email:  ruoting.men@glacier.law
Email:  wei.wang@glacier.law
Email: tao.liu@glacier.law
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Suzhou Hupan Network Technology Co., Ltd.; Guizhou Yifeng Trading Co., Ltd.; Guizhou Caili Trading Co., Ltd.; Guizhou Rushi Outdoor Products Co., Ltd.; Skyhawk Trading Inc.; Guizhou Yingli Trading Co., Ltd.; Guizhou Keji Trading Co., Ltd.; Guizhou Kangruihua Trading Co., Ltd.; Guizhou Huiran Trading Co., Ltd; and Guizhou Jixia Trading Co., Ltd,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>Accession Inc.,<br><br>　　　　　　　　Defendant. | Civil Action<br><br>No:_____<br><br>**COMPLAINT**<br><br>Jury Trial Requested |

1

Plaintiffs, Suzhou Hupan Network Technology Co., Ltd. (d/b/a "DIIG"); Guizhou Yifeng Trading Co., Ltd.(d/b/a "DEROFIT"); Guizhou Caili Trading Co., Ltd.(d/b/a "YeYeBest"); Guizhou Rushi Outdoor Products Co., Ltd.(d/b/a "BeBecome"); Skyhawk Trading Inc. (d/b/a "Feblomst"); Guizhou Yingli Trading Co., Ltd.(d/b/a "JAOTREL"); Guizhou Keji Trading Co., Ltd.(d/b/a "Sempicad"); Guizhou Kangruihua Trading Co., Ltd.(d/b/a "Usnipoya"); Guizhou Huiran Trading Co., Ltd.(d/b/a "LAIDER HEROS"); Guizhou Jixia Trading Co., Ltd.(d/b/a "ERVNYNT") (collectively "Plaintiffs"), against Defendant Accession, Inc ("Accession Inc.," or "Defendant") seeking a determination of patent non-infringement of a certain "Adjustable Sliding Door, Window, or Panel Lock", as defined herein ("Sliding Lock"), and seeking invalidity of U.S. Patent No. 8,864,195 issued to Defendant ("'195 Patent"). **Exhibit A**. Upon actual knowledge with respect to itself and its acts, and upon information and belief as to all other matters, Plaintiffs allege as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, 1338(a), because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. § 100 et seq.

2. An actual case or controversy exists between the parties to this action. Defendant's actions will cause significant harm to Plaintiffs as their products containing the Sliding Locks are at direct threat of removal by Amazon through Defendant's improper enforcement of the invalid '195 Patent. Defendant's actions thereby give rise to an actual controversy under 28 U.S.C. §§ 2201 et. seq.

3. Venue is proper in this Court pursuant to 28 U.S.C.§ 1391, and this Court may properly exercise personal jurisdiction over Defendant since the Defendant has its principal place

of business located in Cream Ridge, New Jersey, and directly targets business activities toward consumers in the United States, including New Jersey, through at least its fully interactive, e-commerce store.

4. Furthermore, personal jurisdiction exists in this Court over Defendant as it is domiciled in this judicial district.

## THE PLAINTIFFS' SLIDING LOCK PRODUCTS

5. DIIG sells its Sliding Door Security Bar on Amazon under the storefront DIIG. DIIG is a Chinese limited company duly formed and located in Suzhou, China.

6. DEROFIT sells its Sliding Door Security Bar on Amazon under the storefront DEROFIT. DEROFIT is a Chinese limited company duly formed and located in Suzhou, China.

7. YeYeBest sells its Sliding Door Security Bar on Amazon under the storefront YeYeBest. YeYeBest is a Chinese limited company duly formed and located in Suzhou, China.

8. BeBecome sells its Sliding Door Security Bar on Amazon under the storefront BeBecome. BeBecome is a Chinese limited company duly formed and located in Suzhou, China.

9. Feblomst sells its Sliding Door Security Bar on Amazon under the storefront Feblomst. Feblomst is a Chinese limited company duly formed and located in Suzhou, China.

10. JAOTREL sells its Sliding Door Security Bar on Amazon under the storefront JAOTREL. JAOTREL is a Chinese limited company duly formed and located in Suzhou, China.

11. Sempicad sells its Sliding Door Security Bar on Amazon under the storefront Sempicad. Sempicad is a Chinese limited company duly formed and located in Suzhou, China.

12. Usnipoya sells its Sliding Door Security Bar on Amazon under the storefront Usnipoya. Usnipoya is a Chinese limited company duly formed and located in Suzhou, China.

13. LAIDER HEROS sells its Sliding Door Security Bar on Amazon under the

storefront LAIDER HEROS. LAIDER HEROS is a Chinese limited company duly formed and located in Suzhou, China.

14. ERVNYNT sells its Sliding Door Security Bar on Amazon under the storefront ERVNYNT. ERVNYNT is a Chinese limited company duly formed and located in Suzhou, China.

15. Accession Inc. is a New Jersey corporation with its principal address at 500 Goldman Dr., Cream Ridge, New Jersey 08514.

16. Between August 24, 2024, and October 9, 2024, each of the Plaintiffs mentioned above received a notice from Amazon stating that it had received a complaint from a third-party that certain of their ASINs infringed on Patent '195. True and correct copy of these notices from Amazon are attached hereto as Exhibit A. The notice instructed the Plaintiffs to contact the patent holder's attorney, John O'Malley, at jomalley@vklaw.com, in an effort to resolve this claim. The complaints were received as follows:

| Store Name | Date | ASIN | Complaint ID |
|---|---|---|---|
| DIIG | 08/24/2024 | B0BZH3CY3R<br>B0BZGZ46LJ | 15889352551 |
| DEROFIT | 08/24/2024 | B0CLCKNY5Z<br>B0CLCRT8K6<br>B0CLVDD5R8<br>B0CLVDWDCR<br>B0BZHD9NW8<br>B0C88Y49BM<br>B0BZH7YYYX<br>B0C88W6HKF | 15889352551 |
| YeYeBest | 08/24/2024 | B0CLRT2FRQ<br>B0CLRRXX91<br>B0CL9T8GKP | 15889352551 |
| BeBecome | 08/24/2024 | B0CJ2XMLJ8<br>B0CJ2Y2YSC<br>B0CYSN47PZ | 15889352551 |
| Feblomst | 08/24/2024(First)<br><br>10/09/2024(Second) | First:<br>B0CHMFNG7H<br>B0CHMFTXMS<br><br>Second: | First:15889352551<br><br>Second:16371744781 |

3

|  |  | B0CHMF92YT B0CHMH4D87 |  |
|---|---|---|---|
| JAOTREL | 10/09/2024 | B0D6B9Z71D | 16371744781 |
| Sempicad | 08/24/2024 | B0C85J3F96 B0C85G7HFZ B0C85BV3HZ B0C85D1HY9 B0CHJ6L1B6 | 15889352551 |
| Usnipoya | 10/09/2024 | B0D69FQDG8 B0D69M35PY B0D69CD75F | 16371744781 |
| LAIDER HEROS | 10/09/2024 | B0CXXL9VRH B0CXXL7BRL | 16371744781 |
| ERVNYNT | 10/09/2024 | B0D3Q6G2P7 | 16371744781 |

17. In addition to receiving these communications from Amazon of Plaintiff's complaints to it of alleged infringement, Plaintiffs also received four (4) demand letters from Defendant's attorney. In the demand letter, Defendant's attorney explicitly stated that Plaintiffs' products infringed on Defendant's patent, and demanded payment.

| DATE RECEIVED | ASINS |
|---|---|
| 11/08/2024 | B0CLCKNY5Z B0CLCRT8K6 B0CLVDD5R8 B0CLVDWDCR B0BZHD9NW8 B0C88Y49BM B0BZH7YYYX B0C88W6HKF |
| 11/08/2024 | B0CLRT2FRQ B0CLRRXX91 B0CL9T8GKP |
| 11/08/2024 | B0CJ2XMLJ8 B0CJ2Y2YSC B0CYSN47PZ |
| 11/08/2024 | B0C85J3F96 B0C85G7HFZ B0C85BV3HZ B0C85D1HY9 B0CHJ6L1B6 |

18. The ASINs that the Defendant actually reported for infringement to Amazon are more numerous than those listed in the Defendant's demand letter. The ASINs impacted should be based on Amazon's notifications received by Plaintiffs.

19. The Amazon marketplace constitutes Plaintiffs' primary sales channel into the United States. To remain competitive in the United States market for Sliding Door Security Bars, Plaintiffs need their products listed in the Amazon marketplace. If Defendant keeps filing complaints against Plaintiffs, it is highly likely that Amazon will remove Plaintiffs' Sliding Door Security Bar from the marketplace, preventing Plaintiffs from accessing their largest channel of trade because of Defendant's infringement reports.

20. Defendant's infringement complaints against Plaintiffs has also caused Plaintiffs' business to be harmed by having the cloud of the infringement litigation hanging over their heads, without any justification. Thus, Defendant's submission of Amazon infringement reports has caused, and will continue to cause, immediate and irreparable harm to Plaintiffs.

## U.S. PATENT NO. 8,864,195

21. The '195 Patent application was filed on Dec. 16, 2011 and was patented on October 21, 2014. A true and correct copy of the '195 Patent is attached hereto as Exhibit B.

22. The face of the '195 Patent lists Thomas D. Sullivan as the applicant and inventor.

23. The '195 Patent was then assigned to Accession, Inc on December 16, 2011.

24. The '195 Patent has two independent claims and seventeen dependent claims.

## COUNT I
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '195 PATENT)

25. Plaintiffs incorporate by reference the allegations set forth above in this Complaint as if fully set forth herein.

26. An actual, continuing and justiciable controversy exists between Plaintiffs and

Defendant concerning the non-infringement of the '195 Patent by Plaintiffs' products, as evidenced by Defendant's allegations of infringement on Amazon and its demand letter, as set forth above.

27. Plaintiffs' Sliding Lock does not infringe any of the presumably valid claims of the '195 Patent, as the Sliding Lock fails to meet one or more elements of two independent Claims 1 and 17 of the '195 Patent.

28. For example, Claim 1 of the '195 claims "means for securing said second end of said second barrel in a freely rotatable manner while at a fixed position." *See* Exhibit B, p. 39. Such statements trigger 35 U.S.C. § 112(f), constituting a means-plus-function limitation. It must be interpreted to include the more specific structure disclosed in the specification of the '195 Patent, for example, at least including a retaining cup with a lower semicircular portion.



29. However, Plaintiffs' products do not have such a retaining cup with a lower

6

semicircular portion. More precisely, Plaintiffs' products do not even require such a securing means because, in Plaintiffs' products, neither of the barrels can or need to be attached, mounted, or connected to either the stationary frame or the movable frame at any time. Instead, the barrels in Plaintiffs' products merely abut against the frame of the window, and such abutment can be freely removed without obstruction.



30.    Another independent claim of the '195 Patent, Claim 17 requests "a mounting bracket for installation on one of a fixed or opposing movable frame of a sliding door, sliding panel, or sliding window frame." *See* Exhibit B, p. 39. Plaintiffs' products do not have such a mounting bracket that can be installed on the frame. Naturally, Plaintiffs' products also cannot be attached to said mounting bracket by way of a hinge.

31.    Therefore, considering this substantial difference already evident here, Plaintiffs' products do not infringe Claims 1 and 17, whether based on literal meaning or under the doctrine of equivalents.

32.    Thus, among other things, Plaintiffs' Sliding Lock does not meet the limitation of the independent Claims 1 and 17 of the '195 Patent.

33.    Likewise, since the independent Claims 1 and 17 are not infringed, neither are dependent claims 2-16, 18-19. *Wahpeton Canvas Co. v. Frontier, Inc.*, 870 F.2d 1546, 1552 n.9,

1553 (Fed. Cir. 1989) (a dependent claim cannot be infringed if any claim from which it depends is not infringed).

34. Pursuant to the Declaratory Judgment Act, Plaintiffs request a judicial determination and declaration that their Sliding Lock products do not infringe, either directly or indirectly, literally or under the doctrine of equivalents, any presumably valid claim of the '195 Patent.

## COUNT II
### (DECLARATORY JUDGMENT OF INVALIDITY OF THE '195 PATENT)

35. Plaintiffs incorporate by reference the allegations set forth above in this Complaint as if fully set forth herein.

36. An actual, continuing and justiciable controversy exists between Plaintiffs and Defendant concerning the validity of the '195 Patent, as evidenced by Defendant's allegations of infringement on Amazon, as set forth above.

37. Claims 1-19 of the '195 Patent are invalid under 35 U.S.C. § 102, § 103 and/or § 112 at least in light of the prior art cited herein.

38. U.S. Patent No. 4,792,168 is entitled "Patio door block" to Kardosh ("Kardosh"). Kardosh was filed on April 24, 1987, and was issued on December 20, 1988. A copy of Kardosh is attached as Exhibit C.

39. GB Patent No. 1,115,902 is entitled "Improvements in or relating to adjustable props" to Wallace ("Wallace"). Wallace was filed on December 2, 1963, and was issued on June 6, 1968. A copy of Wallace is attached as Exhibit D.

40. U.S. Patent No. 4,295,676 is entitled "Patio door security lock" to Smith ("Smith"). Smith was filed on January 15, 1980, and was issued on October 20, 1981. A copy of Smith is attached as Exhibit E.

41. U.S. Patent No. 4,461,502 is entitled "Adjustable bar lock" to Burgess ("Burgess"). Burgess was filed on May 20, 1982, and was issued on July 24, 1984. A copy of Burgess is attached as Exhibit F.

42. U.S. Patent No. 4,639,023 is entitled "Pivotable locking bar for patio doors" to Boisvert ("Boisvert"). Boisvert was filed on May 30, 1985, and was issued on January 27, 1987. A copy of Burgess is attached as Exhibit G.

43. U.S. Patent No. 5,509,235 is entitled "Safety device for hinged doors" to Boisvert ("Chander"). Chander was filed on May 10, 1995, and was issued on April 23, 1996. A copy of Burgess is attached as Exhibit H.

44. U.S. Patent Application Publication No. 2009/0267356 is entitled "Keyless lock for doors" to VanHellemont ("VanHellemont"). VanHellemont was filed on June 22, 2009, and was published on October 29, 2009. A copy of VanHellemont is attached as Exhibit I.

45. All the claims of the '195 Patent are invalid for failing to satisfy the criteria of 35 U.S.C. §§ 102 and 103 in light of the cited prior arts.

46. Further, the Claims 1-19 of the '195 Patent are invalid under 35 U.S.C. § 112.

47. The term **"relatively dimensioned"** is indefinite because it lacks precise definition and fails to establish clear boundaries for the claim. Using the word "relatively" introduces ambiguity, as it does not specify the exact relationship or proportion between the components in question. In patent law, claims must be definite enough to inform those skilled in the art about the scope of the invention with reasonable certainty. Without concrete measurements or a clear standard of comparison, the term leaves too much room for interpretation. This vagueness can lead to uncertainty about what infringes the claim and what does not, making it legally indefensible. Therefore, the claims are invalid for failing to meet the requirements of 35 U.S.C. §§ 112(a),

9

112(b).

48. The passage **"means for securing said second end of said second barrel in a freely rotatable manner while at a fixed position, either one of attached or mounted or connected to one of said stationary frame or said movable frame, on a longitudinal axis, whereby the longitudinal axis is a common axis, in a longitudinal direction, along the center of both the first and second barrels"** lacks sufficient written description, leading to indefiniteness. The language is convoluted and fails to clearly define the structure or mechanism that performs the securing function. By using multiple alternatives— **"attached or mounted or connected"**—without specifying the exact means, the claim introduces ambiguity. Additionally, the repeated references to the **"longitudinal axis"** and **"longitudinal direction"** do not clarify how the components interact or are oriented relative to each other. The lack of specific structural details makes it difficult for a person skilled in the art to understand how to implement the invention. This vagueness fails to meet the written description requirement under patent law, as it does not provide clear guidance on the invention's scope or how it achieves its intended function. Therefore, the claims are invalid for failing to meet the requirements of 35 U.S.C. §§ 112(a), 112(b).

49. Therefore, Plaintiffs seek a declaratory judgment that claims 1-19 of the '195 Patent are invalid for failing to satisfy the criteria of 35 U.S.C. §§ 102 and 103 in light of the cited prior arts, and also invalid for failing to satisfy the criteria of 35 U.S.C. § 112.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

A. Declaring that Plaintiffs' Sliding Lock products do not infringe any of the claims of the '195 Patent;

B. Declaring that the claims of the '195 Patent are invalid for failing to satisfy the criteria of 35 U.S.C. §§ 102, 103 and/or 112, in light of the cited prior art;

C. Preliminary and permanent injunctions ordering Defendant to withdraw all Amazon infringement complaints lodged against Plaintiffs' Sliding Lock products based on the '195 Patent, and to refrain from lodging any further infringement complaints regarding the same;

D. A finding that this case is exceptional and an award to Plaintiffs of their costs, expenses, and reasonable attorney fees incurred in this action pursuant to 35 U.S.C § 285;

E. Awarding Plaintiffs damages due to Defendant's improper acts, doubled and/or trebled due to the willful and exceptional nature of the case;

F. Awarding Plaintiffs compensatory, general and special, consequential and incidental damages in an amount to be determined at trial;

G. Awarding Plaintiffs exemplary, punitive, statutory, and enhanced damages;

H. Awarding pre- and post- judgment interest; and

I. Awarding Plaintiffs such other and further relief as this Court deems is just and proper.

**JURY TRIAL DEMAND**

Plaintiffs hereby demand a jury trial on all issues so triable.

Dated: November 16, 2024

/s/ Kevin J. O'Connor, Esq.

**PECKAR & ABRAMSON, P.C.**
Kevin J. O'Connor, Esq. (018451995)
70 Grand Avenue
River Edge, New Jersey 07661
Telephone:  (201) 343-3434
Facsimile:   (201) 343-6306
Email: KOconnor@pecklaw.com

Ruoting Men (*Pro Hac Vice pending*)
Wei Wang (*Pro Hac Vice pending*)
Tao Liu (*Pro Hac Vice pending*)
GLACIER LAW LLP
41 Madison Avenue, Suite 2529
New York, NY 10010
(212) 729-5073
Email:  ruoting.men@glacier.law
Email:   wei.wang@glacier.law
Email:  Tao.liu@glacier.law
***Attorney for Plaintiffs***